IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**ROBERT STEVEN HAMPTON**                                                                        **PLAINTIFF**

vs.                                          Civil No. 6:09-cv-06073

**MICHAEL CLEBNIK, COO, of**                                                               **DEFENDANT**
**POKER CREATIONS, and**
**NATIONAL LEAGUE OF POKER**

REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE

Before this Court is Plaintiff's Motion for Default Judgment. ECF No. 12.[1] Defendants are in default and have not responded. The Honorable U.S. District Judge Robert T. Dawson referred this motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and (3) (2005). In accordance with those provisions, and after conducting an evidentiary hearing, this Court enters the following report recommending Plaintiff's Motion for Default Judgment be **GRANTED.**

A. **Background**

Plaintiff filed suit on August 17, 2009. ECF No. 1. Plaintiff proceeds *pro se* and *in forma pauperis* in this matter. ECF No. 3. On October 15, 2009, the Court ordered summons issued on Defendants and served by the United States Marshal. ECF No. 4. Service was effectuated on December 22, 2009. ECF Nos. 5 and 6. On December 13, 2010, a Notice of Default Procedure was forwarded to the Plaintiff by the Clerk of Court. ECF Nos. 7 and 8. Plaintiff thereafter filed his affidavits in support of default against both Defendants on February 7, 2011. ECF Nos. 9 and 10. On February 7, 2011, the Clerk entered a Default against both Defendants. ECF No. 11. On May

---

[1] References to pleadings and documents filed with the Court are referred to by their docket number as "ECF No. ___."

3, 2011, Plaintiff filed his Motion for Default Judgment seeking entry of judgment against the Defendants. ECF No. 12.

This Court held a hearing on Plaintiff's Motion for Default Judgment on June 6, 2011. At the hearing the Court heard testimony of Plaintiff and considered the argument of Plaintiff for entry of a Default Judgment. Plaintiff testified that his Complaint was intended to allege a breach of an agreement between himself and the Defendants. Further, Plaintiff testified that he had been damaged as a result of the breach of the agreement. Specifically, Plaintiff testified he had suffered monetary losses promised to the winner of the contest as follows: $335.00 for air fare; $300.00 for hotel costs; $500.00 for spending money; and $200.00 in value of tickets to post-tournament events. Plaintiff also claimed the was entitled to the $20,000.00 prize money awarded to the winner of the Las Vegas tournament, because he knew all of the other entrants and could have "easily won" the tournament had he been present. Finally, Plaintiff requested $60,000.00 in punitive damages.

## B. Applicable Law

1. Plaintiff's Claim: Because the Plaintiff is proceeding *pro se*, the Court must liberally construe the complaint in his favor. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001), citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(a *pro se* plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers"). While *pro se* complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004). "*[P]ro se* litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir.1981).

In this case, Plaintiff's complaint alleges that he won an online poker tournament on or about

May 13, 2009, while playing on a website known as the National League of Poker. The winning prize was a trip to Las Vegas, to play in a tournament beginning July 31, 2009, and continuing through August 2, 2009. Plaintiff alleges he paid $19.95 per month for the right to play poker on the National League of Poker website. He alleges after he won the tournament in May 2009, he began experiencing problems with the website, and as a result he complained to the owner, Defendant Michael Clebnik. After receiving his complaints regarding the website problems, the Defendants refused to honor their agreement and send him to Las Vegas to play in the poker tournament. Plaintiff states in his complaint that he brings suit pursuant to 42 U.S.C. § 1983. Section 1983 is the Federal civil rights statute that grants a cause of action to citizens whose federal constitutional rights have been violated by state actors. This case is clearly not a § 1983 case. However, Plaintiff resides in Arkansas and the Defendants reside in Massachusetts. Further, Plaintiff's complaint alleges damages in excess of $75,000.00. Liberally construing the Complaint here, the Court finds that Plaintiff has pled a breach of contract claim and has also pled enough facts to invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

     2. Default Judgment: Default judgment is appropriate where the party against whom the judgment is sought has engaged in "willful violations of court rules, contumacious conduct, or intentional delays." *Forsythe v Hales*, 255 F.3d 487, 490 (8th Cir. 2001)(citations omitted). "A district court's findings regarding damages are reviewed for clear error. The need for a [damages] hearing is within the sound discretion of the district court under Fed.R.Civ.P. 55(b)(2)(B)." *Stephenson v El-Batrawi*, 524 F.3d 907, 916 (8th Cr. 2008)(citations omitted)

**C. Discussion**

     Default has properly been entered against the Defendants. The Court must therefore

consider what amount of damages, if any, should be awarded Plaintiff. As noted above, Plaintiff has presented testimony regarding his actual damages in this case. He also requests an award of punitive damages.

    **1. Compensatory Damages**: Plaintiff testified regarding his damages in this case. He testified to the following damages as a result of Defendants' breach of contract: $335.00 for air fare; $300.00 for hotel costs; $500.00 for spending money; and $200.00 in value of tickets to post tournament events. This is a total of $1,335.00, and the Court finds Plaintiff entitled to this amount as compensatory damages.

    Plaintiff also claims damages of $20,000.00 represented by the prize money awarded to the winner of the Las Vegas tournament. Plaintiff claims he knew all of the other entrants and could have "easily won" the tournament had he been present. The Court finds this claim to be speculative and further that Plaintiff was only entitled under the contract to be allowed to participate in the Las Vegas tournament, there was no promise he would win the prize money awarded. The Court therefore declines to recommend judgment in favor of the Plaintiff for the potential prize money he could have won had he been allowed to play in the tournament.

    **2. Punitive Damages**: In this case Plaintiff's complaint is construed as a claim for breach of contract. Further, Plaintiff testified at the default judgment hearing that he was seeking damages for the breach of his agreement with Defendants. Nothing in the pleadings or in the testimony of Plaintiff indicate this matter is a claim for damages in tort. Because this is a diversity of citizenship case, the law of the State of Arkansas governs. Punitive damages are not ordinarily recoverable for breach of contract under Arkansas law. *See McClellan v. Brown*, 276 Ark. 28, 30, 632 S.W.2d 406, 407 (1982). In adhering to that principle the Arkansas courts have stated: "To support a claim for

punitive damages there would have to be a willful or malicious act in connection with a contract. A bare allegation of fraud which results in a monetary loss would not justify punitive damages and that is essentially what the complaint alleges in this case." *Id.*, citing *Curtis v. Partain*. 272 Ark. 400, 403, 614 S.W.2d 671, 673 (1981)(overruled on other grounds).

In this case Plaintiff testified to the conduct of the Defendants in breaching their contract with Plaintiff. These actions were clearly willful. Punitive damages are therefore appropriate in this case.

An award of punitive damage is guided by a three factor test set by the United States Supreme Court: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003); see also *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996).

The Court in this case recommends actual compensatory damages in the amount of $1,335.00. Having reviewed the pleading and testimony of the Plaintiff, and applying the factors set by the Supreme Court in considering an award of punitive damages, finds that a punitive damage award of $6,675.00 (five times the actual damages awarded) is appropriate.

### D. Conclusion

The Court therefore recommends that Default Judgment be entered on behalf of the Plaintiff in the amount of $1,335.00 in compensatory damages, $6,675.00 in punitive damages, and for his recoverable costs in this matter.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

ENTERED this 20th day of June, 2011.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE